The plaintiffs produced a patent for the land, issued before 1788, and deduced a title regularly from the patentee to themselves.
The defendant relied upon a possession under the will of one Hammond, who devised the land to his son James. The will purported to be signed by two witnesses, and the probate which took place at September Sessions, 1788, of Chowan County Court, was in the following words: "The last will and testament of James Hammond was exhibited and proved by the oath ofJoseph Swift, one of the subscribing witnesses. Ordered to be recorded." *Page 338 
 James Hammond took possession of the land in 1788 and continued in possession for two years, when he died, and his heirs took immediate possession, which has continued ever since. The questions submitted are:
1. Whether this probate was sufficient to entitle the party to read the will as evidence of title.
2. Whether the will is a sufficient color of title to support the possession of those under whom the defendant claims. And if it be, then,
3. Whether, as James Hammond continued in possession only two years, the benefit of this color of title will enure to his heirs to (456) support their possession.
The question as to the form and regularity of the probate depends upon the construction of the act of 1784, sec. 11, which, among other requisites to the validity of a will to pass real estates, calls for its subscription by two witnesses at least, in presence of the testator. The circumstances there enumerated are essential to the legal validity of the will, and their existence must be proved to the county court to authorize them to record the will. But it is not necessary to set them forth in the certificate of the clerk, because when it appears, as in this case, that the will was attested by two witnesses, and the clerk certifies that it was proved by one, the proof must prima facie be intended to have been such as the law requires. In other words, that the witness by whom it was proved deposed, also, that himself and the other witness subscribed the will in the presence of the testator. In Henry v. Ballard, ante, 397, decided at the present term, the certificate of probate is much fuller than the present one, but still it omits the subscription of the witnesses in the testator's presence. The fact itself was proved at the trial, and the court held that sufficient, and therefore did not decide on the validity of the certificate of probate.
Whether a probate could be sustained when its form is such as to authorize a fair inference that any one of the ceremonies required by the act had not been proved by the witness on whose testimony the will is ordered to be recorded, we do not decide. Such a conclusion cannot be drawn from the paper now exhibited, nor can it be perceived that it is otherwise exceptionable. Enough appears to give operation to the rule, Omniapraesumuntur solemniter esse acta.
There has been a continuity of possession under this will for near thirty years, and there is nothing to bring the plaintiff within any of the exceptions of the act of limitation. The circumstance of James Hammond having died at the end of two years after being possessed of the land did not interrupt the progress of the act, because his heirs *Page 339 
entered immediately without permitting any vacant possession to (457) intervene. His possession then became theirs, and must be computed for their benefit; for it has never been understood, under any construction of the law, that the death of a tenant after a shorter possession than seven years prevented the running of the act of limitation where, notwithstanding his death, the land continued to be occupied by his heirs or by others claiming under the same title.
Upon the whole, then, there has been a color of title, accompanied by such a possession as has ripened it into a perfect one. And the defendant is, consequently, entitled to judgment.
NOTE. — Upon the first point, see Blount v. Patton, 9 N.C. 237. Upon the second point, see Evans v. Satterfield, 5 N.C. 413.
Cited: Morgan v. Bass, 25 N.C. 245; Harven v. Springs, 32 N.C. 183;Leatherwood v. Boyd, 60 N.C. 124; Colvord v. Monroe, 63 N.C. 289;Jenkins v. Jenkins, 96 N.C. 257; In re Thomas, 111 N.C. 415; Moody v.Johnson, 112 N.C. 800.